UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**TIMOTHY T. RICE** *et al.*      **PLAINTIFFS**

**v.**      **CIVIL ACTION NO. 4:23-CV-P33-JHM**

**MIKE LEWIS** *et al.*      **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff is incarcerated as a pretrial detainee at Hopkins County Jail (HCJ). He sues HCJ Jailer Mike Lewis and HCJ "Head of Kitchen" Brandon Lampton in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

> I've been housed here . . . for 14 months, and haven't received any fruit at all. No milk under the qualified amount of dairy product, and little to no vegetables besides during a certain season. And now we are only getting starch foods 7 different meals rotated for lunch and dinner . . . . And they only serve 2 breakfast trays, every lunch and dinner tray consist of macaroni noodles or rice and gravy we've ask for copies of the current menu and calorie count and have been denied. The way they feed at this Jail the inmates are not receiving proper nutrition, vitamins, or calories we need vegetables and fruit at least once a day. The current trays are (oatmeal Bluberry muffin, Biscuit Gravy Bluberry muffin, breakfast), beans and rice, rice and gravy, cheesy mac, stroganoff, spaghetti, chili mac, pot pie all are served with macaroni noodles the only side is macaroni salad and sometime cake and or a biscuit. That is not a correct amount of nutrition or anything healthwise for adult inmates I'm sure and or the correct calorie of vitamin intake either. . . . The new menu isn't Marshals approved or Doc approved it has been changed due to the kitchen budget . . . .

---

[1] This action was initiated by Plaintiff Timothy T. Rice and two other pretrial detainees incarcerated at Hopkins County Jail. By prior Order, the Court severed the other pretrial detainees and their claims from this action (DN 6).

As relief, Plaintiff seeks damages and injunctive relief in the form of "fixing the menu" and "giving correct portions and correct vitamins and nutrition."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees. *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021). Until recently, the Sixth Circuit analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims "under the same rubric." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citation omitted). While the first ("objective") prong of the Eighth Amendment analysis still applies to Fourteenth Amendment pretrial detainee claims, the Sixth Circuit has modified the second ("subjective") prong for Fourteenth Amendment claims in light of the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). *Brawner*, 14 F.4th at 594-97.

To satisfy the objective prong under either analysis, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In *Dotson v. Calhoun Cnty. Sheriff's Dept.*, 1:07-cv-1037, 2007 U.S. Dist.

LEXIS 99726 (W.D. Mich. Dec. 13, 2007), the court considered allegations that the prisoner-plaintiff was not being provided adequate portions of meat, fruit, or vegetables and that his meals contained "too many starches" and held as follows:

> The [Constitution] protects prisoners from being deprived of food. *See Clark-Murphy v. Foreback*, 439 F.3d 280, 292 (6th Cir. 2006) (inmate "had a clearly established right not to be deprived of food and water"). However, "the food need not be tasty or aesthetically pleasing." *See Johnson v. Richardson*, No. 1:05-cv-609, 2005 WL 2465737, at *2 (W.D. Mich. Oct. 6, 2005) (citing *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977)). The mere fact that Plaintiff may not have received as many fruits or vegetables as he desires does not establish a deprivation of nutrition necessary to sustain his physical well-being. *See Cunningham*, 567 F.2d at 656 (one meal per day of "food loaf" that provides sufficient nutrition to sustain normal health does not offend the Constitution).

*Id*. at *11-12.

Moreover, although Plaintiff seems to allege that in addition to not receiving fruits and vegetables, the caloric content of his diet is too low, to show inadequate nourishment, courts typically require evidence of a connection between the challenged diet regimen and substantial weight loss. *See, e.g.*, *Shelton v. Christian Cnty. Jail*, No. 5:14-CV-P146-GNS, 2015 U.S. Dist. LEXIS 5452, at *2 (W.D. Ky. Jan. 16, 2015) (finding that because plaintiff alleged no "deleterious effect" of a reduced calorie diet, not even weight loss, plaintiff had not stated a claim with regard to the prison diet); *Sweeting v. Miller*, No. 7:14CV00187, 2015 U.S. Dist. LEXIS 105839, at *8 (W.D. Va Aug. 12, 2015) (holding no constitutional claim where inmate asserted that special allergy diet had caused weight loss but had made no allegation regarding the severity of his weight loss); *Witschi v. N.C. Dep't of Pub. Safety*, No. 1:14-cv-68-FDW, 2014 U.S. Dist. LEXIS 103300, at *7 (W.D.N.C. July 29, 2014) (finding no constitutional claim based on the plaintiff's allegation that he was not being fed a sufficient diet that complied with medical orders because he did not allege facts suggesting that his health had deteriorated as a result of his diet regimen).

5

In light of this jurisprudence, the Court concludes that Plaintiff's allegations fail to satisfy the objective prong of a diet-related Fourteenth Amendment conditions-of-confinement claim and that the complaint must therefore be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

The Court will dismiss this action by separate Order for the reasons set forth herein.

Date: June 22, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011